Zulu Ali, Esq. SBN: (SBN: 252998)
Sajjad Hussain, Esq. (SBN: 318154)
Sierra N. Denny, Esq. (SBN: 326049)
Whitney Ali, Esq. (SBN: 330104)
**THE LAW OFFICES OF ZULU ALI & ASSOCIATES, LLP**
2900 Adams Street, SUITE C-13
Riverside, California 92504
Telephone: (951) 782-8722
Fax: (951) 346-9101
Email: zulualilaw@gmail.com

Attorneys for Plaintiff, Hani Alhambly

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Hani Alhambly,<br><br>          Plaintiffs,<br>**V.**<br><br>County of Los Angeles, Carla Brown and Does 1 to 20<br><br>          Defendant, | No. 2:20-cv-01937-VAP-KES<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF CIVIL RIGHTS [ 42 U.S.C. § 1983] MONELL CLAIM**<br>**2. VIOLATION OF CIVIL RIGHTS [42 U.S.C. § 1983] PURSUANT TO THE FIRST, FIFTH AND FOURTEENTH AMENDMENTS**<br><br>**Demand for Jury Trial** |

**COMPLAINT**

**INTRODUCTION**

1.      This action arises under the United States Constitution and the Civil Rights

Act pursuant to 42 U.S.C. § 1983 and the First, Fifth and Fourteenth Amendments to the United States Constitution, wherein Plaintiff seeks to redress deprivations by Defendants Los Angeles County, Carla Brown, a social worker, with the Los Angeles County Department of Children and Family Services, and Unknown Doe Defendants 1 through 20. Jurisdiction of this is court is invoked under 28 U.S.C. § 1331, and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

2.      At all times mentioned herein, all defendants were acting under the color of state law, and rights secured to plaintiff by the First, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the United States. The court has supplemental jurisdiction over those claims arising under state law by virtue of 28 U.S.C § 1367.

3.      Venue is proper in this judicial district under 28 U.S.C. § 1391 as the acts complained of arose in this district.

## THE PARTIES

4.      Plaintiff HANI ALHAMBLY (hereinafter Plaintiff) is a resident of California.

5.      LOS ANGELES COUNTY, State of California, is a municipal corporation.

FIRST AMENDED COMPLAINT FOR DAMAGES

6.        CARLA BROWN, sued in her individual capacity, is a social worker employed by Defendant LOS ANGELES COUNTY.

7.        Doe Defendants include social workers employed by LOS ANGELES COUNTY, CALIFORNIA.

8.        DEPARTMENT OF CHILDREN AND FAMILY SERVICES, which is a division of LOS ANGELES COUNTY.

## STATEMENT OF FACTS

9.        Jane Doe, born in June 2009, and John Doe born in August 2011, are the minor children of Plaintiff and Maria Torres ("hereinafter Maria T.")

10.        On or about March 4, 2015, The LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES ("hereinafter CDCFS") was contacted regarding allegations involving John Doe and Jane Doe. CDCFS went to Plaintiff's home in response to the allegations. When CDCFS made contact with Plaintiff he informed CDCFS that Maria T. had abducted John Doe and Jane Doe on multiple occasions.

11.        On April 21, 2015, CDCFS spoke with Plaintiff and informed him that a case would be initiated in regards to the allegations made by an unknown party involving John Doe and Jane Doe.

12.        On May 4, 2015, CDCFS filed a petition with the Los Angeles Superior Court, – Juvenile Dependency Division  ("hereinafter court"). As a result of the

FIRST AMENDED COMPLAINT FOR DAMAGES

3

petition, the Court ordered joint legal custody of John Doe to Plaintiff and

Maria T; sole physical custody of John Doe to Maria T.  Plaintiff was granted

visitation rights of John Doe.

13.     During the October 2018 review hearing, CDCFS advised the court that

there was "no credible evidence" of abuse or neglect by either parent.

14.     On October 19, 2018, the court ordered Maria T. and Plaintiff to share joint

physical custody and joint legal custody of John Doe.

15.     At a custody hearing in 2018, Plaintiff was informed that The Department

considered Plaintiff to be a terrorist without evidence solely because Plaintiff is

a practicing Muslim.

16.     On or about June of 2019, Plaintiff informed CDCFS that Maria T. was in

violation of custody orders. In response Carla Brown a social worker for CDCFS,

told Plaintiff that it did not matter, and that Plaintiff was a terrorist based solely

on her knowledge that Plaintiff is a practicing Muslim.

17.     Despite custody orders CARLA BROWN authorized Maria T. to move

out of the state of California with John Doe. CARLA BROWN had advanced

knowledge that Maria T. was intending to move out of the state of California to

the state of Minnesota despite custody orders.

18.     CDCFS and CARLA BROWN's denial of Plaintiff's parental rights and

constitutional due process rights, based on Plaintiff being a practicing Muslim,

was due to a lack of policy, training, and supervision relative to non-discrimination of a parent's nationality, race, and religious practices.

## FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS [42 U.S.C. § 1983]

## MONELL CLAIM

### (By Plaintiff Against Defendant Los Angeles County)

19.     Plaintiff hereby incorporates and realleges paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20.     Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution. *Monell v. Dep 't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

21.     "Narrow range of circumstances" may exist when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."). *Hanna ex rel. Henderson v. Cty. of Fresno*, 2014 WL 6685986, at *13 (E.D. Cal. 2014).

22.     Such municipal liability exists where a city fails to properly train, supervise, and discipline its employees amounting in a deliberate indifference to one's constitutional rights.

23.    "In this 'narrow range of circumstances,' a single incident may suffice to establish deliberate indifference where the violation of constitutional rights is a 'highly predictable consequence' of a failure to train  because that failure to train is 'so patently obvious.'" *Hanna ex rel. Henderson v.  Cty. of Fresno*, 2014 WL 6685986, at *13 (E.D. Cal. 2014)

24.    At all times relevant, Defendant Los Angeles County had a duty to properly train, supervise, and discipline its employees and agents.

25.    Defendant LOS ANGELES COUNTY breached that duty in party, by:

a. Failing to maintain and implement policies and training for CDCFS employees that did not discriminate against parents based on religion, race, and nationality.

b. Failing to maintain and implement a proper policy on ensuring Social Workers employed by LOS ANGELES COUNTY did not discriminate against parents based on religion, race, and nationality.

c.  Failing to maintain and implement a proper policy on ensuring Social Workers employed by LOS ANGELES COUNTY ensured parents followed court directives.

26.    The policy, pattern of practice, or custom of allowing for, and directly discriminating against parents based on diverse background resulted in deliberate indifference to Plaintiff's Constitutional rights.

27.     The condoning of misconduct, and the failure to end this policy, pattern of
practice, or custom was a proximate cause of Plaintiff not receiving his visitation
as ordered by the court.

28.     The Los Angeles County Department of Children Family Services
Training Academy For Children's Social Workers no other training or policy
exist relative to non-discrimination based on race, religion, and nationality of
parents. There is no mention of how to navigate families with diverse
backgrounds. *Los Angeles County Department of Children Family Services
Training Academy For Children's Social Workers*. No other training or policy
exist relative to non-discrimination based on race, religion, and nationality.

29.     Relative to interactions with parents CDCFS policies fail to adequately
train the social workers on how to adequately interact with parents based on race,
religion, and nationality. *Los Angeles County Department of Children Family
Services Training Academy For Children's Social Workers.*

30.     Wherefore, as a direct and proximate cause of the actions of the
Defendants, Plaintiff has suffered damages in an amount to be proven at trial.

//

//

//

//

## SECOND CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983]

## FIRST, FIFTH, AND FOURTEENTH AMENDMENTS

### (By Plaintiff Against CARLA BROWN and Does 1 through 25)

31.     Plaintiff hereby incorporates and realleges paragraphs 1 through 29 of this Amended Complaint as though fully set forth herein.

32.     42 U.S.C. § 1983 provides that:

"Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress."

33.     Plaintiff has a firmly established rights under the First, Fifth and Fourteenth Amendments of the US Constitution of procedural and substantive due process and Equal Protection, which has been violated by discriminatory treatment by CDCFS and CARLA BROWN.

34.     BROWN'S actions of ignoring Plaintiff's claims and permitting Maria T. to remove John Doe from the state, in violation of the court order, was due to

Plaintiff being a practicing Muslim; Brown as such, considered Plaintiff to be a terrorist based solely on the fact that he is a practicing Muslim.

35.     Due to CARLA BROWN's actions, Plaintiff lost the ability to have visitations with John Doe despite court orders, and lost the right to object to and require Maria T. to obtain a court order before removing John Doe from California.

36.     The lack of proper training on diversity and how to effectively navigate the effect of culture and religion on families resulted in CARLA BROWN's prejudicial behavior.

37.     Wherefore, as a direct and proximate cause of the actions of the Defendants, Plaintiff has suffered damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgement against Defendants as follows:

1.     For special damages in an amount to be proven at trial to Plaintiff against all defendants, jointly and severally.

2.     For general damages in an amount to be determined at trial to Plaintiff. against all defendants, jointly and severally;

3.     For Punitive damages to Plaintiff against all defendants, jointly and severally

4.     For Punitive damages to Plaintiff against all defendants, jointly and severally

FIRST AMENDED COMPLAINT FOR DAMAGES

9

5.        For costs of suit herein;

6.        For such other and further relief as the Court may deem proper

Dated:   August 29, 2020                        LAW OFFICE OF ZULU ALI & ASSOCIATES

                                                By _/S/ Sierra N. Denny_

                                                SIERRA N. DENNY, ESQ.
                                                Attorney for Plaintiff,
                                                Hani Alhambly

CERTIFICATE OF SERCIVE
Case Name: Hani Alhambly v. Los Angeles County, et. Al.
Case No: 2:20-cv-01937-VAP-KES

I am employed in the county of Riverside, State of California. I am over the age of 18 and not a party to the within action. My business address is 2900 Adams street Suite C-13 Riverside, CA 92504.
I hereby certify that on August 30, 2020 , I electronically filed the following document(s) with the Clerk of the Court by using the CM/ECF system:

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**
**1. VIOLATION OF CIVIL RIGHTS [ 42 U.S.C. § 1983] MONELL CLAIM**
**2. VIOLATION OF CIVIL RIGHTS [42 U.S.C. § 1983] PURSUANT TO THE FIRST, FIFTH AND FOURTEENTH AMENDMENTS**
**Demand for Jury Trial**

Participants in the case who are registerd CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct. This certificate was executed in Riverside, California on August 30, 2020.

By */S/ Sierra N. Denny*

SIERRA N. DENNY, ESQ.
Attorney for Plaintiff,
Hani Alhambly

FIRST AMENDED COMPLAINT FOR DAMAGES

11

VERIFICATION

I, the undersigned, verify:

I am a party to this action. I have read the attached document and know its

contents. The matters stated in it are true of my own knowledge except as to those matters which

are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury pursuant to the laws of the State of

California that the foregoing is true and correct.

Executed on August 29 2020, at Riverside, California.

Hani Alhambly Plaintiff