Note changes made by the Court at ¶¶ 2, 6(c), 13, 14, 18, 20, 21.

Zulu Ali, Esq.  (SBN 252998)
William G. Sorkin, Esq. (SBN 317652)
Sajjad Hussein, Esq. (SBN 326049)
Sierra Noel Sierra, Esq. (SBN 326049)
LAW OFFICES OF ZULU ALI & ASSOCIATES
2900 Adams Street, Suite C-13
Riverside, CA 92504
Telephone:  (951) 782-8722
Facsimile:   (951) 346-9101
Email:        sierra.denny@gmail.com

Attorneys for Plaintiff Hani Alhambly

Anita Susan Brenner, Esq. (SBN 58741)
Leonard E. Torres, Esq. (SBN 60106)
**LAW OFFICES OF TORRES & BRENNER**
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
Telephone:  (626) 792-3175
Facsimile:   (626) 792-2921
Email:        info@torresbrenner.com

Attorneys for Defendants County of Los Angeles, a public entity and Carla Brown, a public employee

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANI ALHAMBLY,<br><br>            Plaintiff,<br><br>      vs.<br><br>LOS ANGELES COUNTY, CARLA BROWN, and DOES 1-25, inclusive,<br><br>            Defendants. | Case No. 2:20-cv-01937-VAP-KES<br>[U.S. Magistrate Judge Karen E. Scott]<br><br>**DISCOVERY MATTER**<br><br>**~~PROPOSED~~ PROTECTIVE ORDER**<br><br>Trial Date:    None |

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

The stipulation of Plaintiff Hani Alhambly and Defendants County of Los Angeles, a public entity, and Carla Brown, a public employee through their counsel having been received by this Court, and GOOD CAUSE APPEARING:

**IT IS ORDERED THAT**:

1.      This Order does not require any party to produce or disclose records. This Order addresses the effect of designating records, testimony, documents, and electronically stored information as "confidential material."

2.      Any party may designate qualifying documents and other evidence as "confidential material" by including such a designation in their disclosure, or at a deposition.

3.      Confidential material shall be used solely in connection with the preparation and trial of the case, Case No. 2:20-cv-01937-VAP-KES, or any related appellate proceeding and not for any other purpose, including social media, law firm websites, or other litigation.

4.      Material designated as "confidential" under this Protective Order, as well as the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "confidential material" or "confidential information") shall be used solely for the purpose of litigating this action, and for no other action or purpose.

5.      Confidential material may not be disclosed except as provided in paragraph 6.

6.      Confidential material may be disclosed only to the following persons:

(a)      Counsel for any party, and any party to this litigation;

(b)      Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in (a);

(c)      Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this

[PROPOSED] ORDER RE: PROTECTIVE ORDER                    [2:20-cv-01937-VAP-KES]

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

action, all of whom are not subject to any part of this Order;

(d)     Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and,

(e)     Any "in-house" expert designated by either party to testify at trial in this matter. Nothing in this Order is intended to prevent officials or employees of County or other authorized government officials from having access to the documents if they would have had access in their normal course of their job duties.

7.     Each person to whom disclosure is made, with the exception of those identified in paragraph 6 who are presumed to know the contents of the Protective Order, shall, prior to the time of disclosure, be provided a copy of this Order by the person furnishing him/her such material, and shall agree on the record or in writing, that he/she has read the Protective Order, and that he/she understands the provisions of the Protective Order. Such person must also agree in writing to be subject to the jurisdiction of the United States District Court, Central District of California, with respect to any proceedings relating to enforcement of this Order, including without limitation, any proceedings for contempt. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation. (See Appendix "A"). The executed agreement must be provided to all other counsel within five (5) court days of counsel's receipt of the agreement, except when the person to whom disclosure is made is an expert witness. In that case, the executed agreement must be provided to all other counsel at the time of expert disclosures.

8.     Designation in conformity with this Protective Order requires: For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), Defendants and Plaintiff shall affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material.

For information contained on a CD, DVD, or other similar storage device, Defendants and Plaintiff shall affix the legend "CONFIDENTIAL'" on the label.

9.     Confidential material must be stored and maintained by counsel for Plaintiff at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

10.     Confidential material disclosed to any party shall be clearly marked by receiving counsel and maintained by counsel with the following or similar legend recorded upon it in a way that brings its attention to a reasonable examiner:

**CONFIDENTIAL: THESE DOCUMENTS ARE SUBJECT TO THE TERMS AND CONDITIONS OF A PROTECTIVE ORDER, CASE NO. 2:20-CV-01937-VAP-KES**

11.     Each person to whom disclosure is made shall not duplicate any confidential information except for working copies and for filing with the Court.

12.     Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record  at  the deposition. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

13.     If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged with an application to file under seal in compliance with Central District Local Rule 79-5.1 et seq.

14.     This order does not govern trial.

15.     Within 60 days of the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received by any party, including Plaintiff Hani Alhambly, under the provisions of this Order, and copies thereof, including ESI, digital or electronic, shall be returned to opposing counsel.

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

-4-

16.     If any party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "confidential," such party must notify opposing counsel in writing (by e-mail and U.S. Mail, if possible) immediately and in no event more than three (3) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

17.     If any party learns that by inadvertence or otherwise, confidential material has been disclosed to any person or in any circumstance not authorized under this Protective Order, such party much notify all parties of the unauthorized disclosure, use their best efforts to retrieve all copies of the confidential material, and inform all person or persons to whom the unauthorized disclosure was made of the terms of this Order, and request that such persons execute the Confidentiality Agreement (Appendix A).

18.     Nothing in this Protective Order shall be construed as a waiver of any privilege (including work product) that may be applicable to any document or information. Further, by stipulating to the entry of this Protective Order, the parties do not waive any right they otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, the parties do not waive any right to object on any ground for use as evidence of any of the material covered by this Protective Order.

19.     Further, this Protective Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Protective Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof.

-5-

20.    ~~The Court shall have jurisdiction over the parties, their counsel and all~~ ~~persons to whom confidential information has been disclosed for the purpose of~~ ~~enforcing terms of this Protective Order, redressing any violation thereof, and~~ ~~amending or modifying the terms as the Court may deem appropriate.~~

21.    The foregoing is without prejudice to the right of any party: (a)  To move the Court for a further protective order relating to confidential material or relating to discovery in this litigation; (b) To move the Court for an order removing the confidential material designation from any documents; and (c) To move the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of confidential material beyond the terms of this Order.  Per Local Rule 37 or Judge Scott's procedures for telephonic discovery motions.

22.    Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

**IT IS SO ORDERED:**

Dated: <u>October 15</u>, 2020

_Karen E. Scott_

Honorable Karen E. Scott,
United States Magistrate Judge

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

-6-

**APPENDIX "A"**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I have read and understand the Stipulation for protective Order and Protective Order of the United States District Court, Central District of California, entered on the ___ day of _____, 2020, in the case of *Hani Alhambly v. Los Angeles County, et al.*, Case No. 2:20-cv-01937-VAP-KES.

A copy of the Stipulation for Protective Order and Protective Order has been delivered to me with my copy of this Acknowledgment and Agreement to Be Bound (hereinafter "Confidentiality Agreement").  I agree to be bound by all the terms of this Confidentiality Agreement.

I further agree to be bound by all the terms of the Stipulation for Protective Order and Protective Order and hereby agreed not to use or disclose the confidential information or material (as defined by that Order) disclosed to me, except for purposes of this litigation as required by the Stipulation for Protective Order and Protective Order.  I further agrees and attest to my understanding that a breach of this Confidentiality agreement may be directly actionable, at law and equity, and may constitute a violation of the Stipulation for Protective Order and Protective Order, and I further agreed that in the event I fail to abide by the terms of the Stipulation for Protective Order and Protective Order, or if I disclose or make use of any confidential information acquired during this litigation, I may be subject to civil sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure.  I further agree to submit to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing the

///
///
///
///
///

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

1  terms of this Confidentiality Agreement and Protective Order, Order, even if such

2  enforcement proceeding occur after termination of this action.

3

4  Dated: _____          _____

5                                                                          Signature

6                                                                          _____

7                                                                          Name (Printed)

8                                                                          _____

9                                                                          Street Address

10                                                                         _____

11                                                                         City                          State          Zip

12                                                                         _____

13                                                                         Occupation or Business

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

-8-

1

## CERTIFICATE OF SERVICE

Case Name:        *Hani Alhambly v. Los Angeles County, et al.*

Case No.:        2:20-cv-01937-VAP-KES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 301 East Colorado Boulevard, Suite 614, Pasadena, California 91101.

I hereby certify that on October 14, 2020, I electronically filed the following document(s) with the Clerk of the Court by using the CM/ECF system:

## PROPOSED PROTECTIVE ORDER

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.  This certificate was executed in Alhambra, California on October 14, 2020.

  /s/ *Idalia G. Guzman*
Idalia G. Guzman

[PROPOSED] ORDER RE: PROTECTIVE ORDER                     [2:20-cv-01937-VAP-KES]

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175